**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 16-0152

VERSUS                                      JUDGE ELIZABETH E. FOOTE

DAVID BRIAN BULLOCK                         MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Before the Court are two motions filed by Defendant David Brian Bullock ("Bullock") requesting that the Court investigate the Bureau of Prisons ("BOP")'s calculation of credit for time served and/or for a transfer to a different BOP facility. Record Documents 36 & 37. Because the Court does not have the authority or jurisdiction to act on Bullock's requests, his motions [Record Documents 36 & 37] are **DENIED**.

The Court does not have the authority to address the alleged miscalculation of Bullock's credit for time served. The United States Supreme Court has held that "§ 3585(b) does not authorize a district court to compute credit for time spent in official detention at sentencing, but that credit awards are to be made by the Attorney General, through the Bureau of Prisons, after sentencing." *United States v. Wilbourn*, 62 F.3d 395, 1995 WL 449624, at *5 (5th Cir. 1995) (citing *United States v. Wilson*, 503 U.S. 329, 334 (1992)). To challenge computations of credit, prisoners must first seek administrative review. *Wilson*, 503 U.S. at 335; *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992) (citing 28 C.F.R. §§ 542.10–542.16 (1990)). Then, "once [the] prisoner has exhausted his administrative remedies, he may 'fil[e] a pro se petition for habeas relief under 28 U.S.C. § 2241, challenging the BOP's computation of his sentence.'" *United*

*States v. Setser*, 607 F.3d 128, 133 n.3 (5th Cir. 2010) (quoting *Dominguez v. Williamson*, 251 F.3d 156, 2001 WL 300705, at *2 (5th Cir. 2001)), *aff'd*, 566 U.S. 231 (2012). Therefore, after Bullock exhausts his administrative remedies through the BOP, 28 U.S.C. § 2241 is the avenue for relief based on an allegedly incorrect computation of credit.

Although Bullock is a *pro se* litigant and his filings are thus entitled to the "benefit of liberal construction," the Court cannot construe his challenge as one under § 2241. *See Hernandez v. Thaler*, 630 F.3d 420, 426-27 (5th Cir. 2011). "To entertain a § 2241 habeas petition, the district court must, *upon the filing of the petition*, have jurisdiction over the prisoner or his custodian." *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985) (per curiam) (emphasis added); *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) ("District courts are limited to granting habeas relief 'within their respective jurisdictions.'" (quoting 28 U.S.C. § 2241(a)). At the time of Bullock's motions, he resided at correctional facilities located in Florida.[1] Therefore, the Court would not have jurisdiction over his motion if it was filed under § 2241.

The Court also lacks authority to order Bullock transferred to another facility. "The Bureau of Prisons has the sole authority to designate a prisoner's place of incarceration." *United States v. Chaney*, 823 F. App'x 278, 279 (5th Cir. 2020); 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment … ."). "The

---

[1] Both of Bullock's motions were sent from the Santa Rosa County Jail in Milton, Florida. *See* Record Documents 36-1 & 37-1. According to the BOP Inmate Tracker, Bullock was being held at Tallahassee FCI in Tallahassee, Florida at the time he filed the instant motions. Bullock is now being held at FCI Coleman Low in Sumterville, Florida. The Court notes that Tallahassee is located within the jurisdiction of the U.S. District Court for the Northern District of Florida and Sumterville is located in the jurisdiction of the U.S. District Court for the Middle District of Florida.

Bureau of Prisons is given this responsibility because the executive branch and not the judicial branch is responsible for administering sentences." *United States v. Voda*, 994 F.2d 149, 152 (5th Cir. 1993). Further, according to the BOP Inmate Tracker, Bullock is now being housed at FCI Coleman Low. Therefore, to the extent Bullock requests a transfer specifically to FCI Coleman, that request is now moot.

For the reasons assigned herein, Bullock's motions [Record Documents 36 & 37] are hereby **DENIED**.

**THUS DONE AND SIGNED** this 26th day of November, 2024.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE